IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr331-MHT** |
| | ) | (WO) |
| **LAKEYLEA ANDREA JACKSON** | ) | |

### ORDER

This cause is before the court on the government's motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2022, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>  which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel ... the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. The government represents that the case agent who

2

investigated this matter was recently diagnosed with leukemia, and that, as a result of the treatment he has undergone, his immune system is compromised and he cannot leave home to meet for trial preparation, to locate witnesses, to serve trial subpoenas, or to perform other necessary tasks for trial preparation. A continuance of the trial is therefore necessary to allow the government's attorney reasonable time for trial preparation. In addition, Jackson does not oppose the motion for a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The government's motion to continue trial (Doc. 60) is granted.

(2) The jury selection and trial, now set for April 4, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.**

**DONE, this the 7th day of March, 2022.**

**　/s/ Myron H. Thompson　**
**UNITED STATES DISTRICT JUDGE**
