IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr331-MHT** |
| | ) | **(WO)** |
| **LAKEYLEA ANDREA JACKSON, JR.** | ) | |
| | ) | |

**ORDER**

This cause is before the court on defendant Lakeylea Andrea Jackson, Jr.'s unopposed motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

>seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The Act also excludes from the 70-day period any continuance based on "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." § 3161(h)(3)(A). An essential

2

witness, or defendant, is absent "when his whereabouts are unknown, and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." § 3161(h)(3)(B). An essential witness, or defendant, is unavailable "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." *Id.*

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. A continuance is warranted because an essential witness is unavailable. According to defense counsel, the government recently shared that it will be utilizing an additional type of location data to provide evidence of Jackson's whereabouts. Moreover, defense counsel represents that his forensic expert, whose services the court has previously found necessary for Jackson to

3

receive adequate representation, has a personal conflict with the June 13 trial date.  *See* Def.'s Mot. to Continue (Doc. 72).  Defense counsel states that a continuance is necessary to ensure the defense expert's availability to testify at trial.  The government does not oppose the requested trial continuance.  The court, therefore, finds that a continuance to obtain the defense expert's presence at trial is necessary to ensure the fairness of Jackson's trial and the adequacy of his defense.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Lakeylea Andrea Jackson, Jr.'s motion to continue trial (Doc. 72) is granted.

(2) The jury selection and trial, now set for June 13, 2022, are reset for August 8, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall reset the plea deadline and any other appropriate pretrial deadlines and shall conduct another pretrial conference prior to the new trial term.**

**DONE, this the 31st day of May, 2022.**

<pre>                          /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE</pre>