IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr331-MHT** |
| | ) | **(WO)** |
| **LAKEYLEA ANDREA JACKSON, JR.** | ) | |

**ORDER**

This cause is before the court on a joint motion to continue trial filed by the government and defendant Lakeylea Andrea Jackson, Jr. For the reasons set forth below, the court finds that jury selection and trial, now set for August 9, 2022, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

>     public) of the information or indictment, or
>     from the date the defendant has appeared
>     before a judicial officer of the court in
>     which such charge is pending, whichever date
>     last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "any period of delay ... resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  § 3161(h)(1)(D).  It further includes any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

2

preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. The court recently granted Jackson leave to file out of time a motion to suppress data from a Google "geofence" search warrant. The court understands that this motion involves novel and complicated legal issues and will require extensive time for the parties to litigate, including calling potentially two expert witnesses; for the United States Magistrate Judge to hold an evidentiary hearing and then produce a recommendation; for the losing party to file an objection; and for this court then to resolve the motion promptly and in sufficient advance of trial. Given these issues, it is not possible for the motion to be resolved by the August 9 term, and, as the magistrate judge says, it is highly unlikely that the motion could resolved by the

3

September 12 term. A continuance of the trial to the following term is therefore necessary to allow the attorneys sufficient time for the parties to litigate the motion and for the court to resolve it.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The joint motion to continue trial (Doc. 84) is granted.

(2) The jury selection and trial, now set for August 9, 2022, are reset for October 31, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 11th day of July, 2022.

                                        /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**