IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.   ) | 2:21cr131-MHT |
| ) | (WO) |
| LAKEYLEA ANDREA JACKSON, ) | |
| JR.   ) | |

## ORDER

This cause is before the court on defendant Lakeylea Andrea Jackson, Jr.'s unopposed motion to continue his trial. For the reasons set forth below, the court finds that the trial, now set for October 31, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court held a hearing on August 3, 2022, with defendant Jackson present, to discuss the motion to continue. The court did so because Jackson is detained pending trial, and the requested delay of trial--until the end of 2022--is lengthy. At the hearing, Jackson expressly agreed to the lengthy continuance.

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. Defense counsel informed the court that a continuance is necessary for him to prepare adequately and litigate effectively Jackson's motion to suppress Google's geofence data (Doc. 82). The delay is also necessary to provide Jackson's two experts time to review the evidence and prepare to give their testimony before the court. Additionally, both Jackson and the government are awaiting evidence from a cellphone that is relevant to this case. Lastly, the government does not oppose the requested trial continuance, and, as mentioned above, Jackson expressly agreed to continuing the trial until December 12, 2022. The court finds that a continuance of the trial is necessary in order to ensure that both parties are able to litigate the case effectively and prepare for trial fully.

Accordingly, it is ORDERED as follows:

(1) Defendant Lakeylea Andrea Jackson, Jr.'s unopposed motion to continue trial (Doc. 98) is granted.

(2) The jury selection and trial, now set for October 31, 2022, are reset for December 12, 2022, in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall reset the deadlines for filing the notice of change of plea and any other appropriate deadlines in light of this order.

DONE, this the 8th day of August, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE